**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID LADOUCEUR; LISA
LADOUCEUR,

      Plaintiffs - Appellants,

v.

WELLS FARGO; WELLS FARGO
BANK; WELLS FARGO & CO; WELLS
FARGO N.A.; WELLS FARGO
PROPERTY MORTGAGE; WELLS
FARGO ASSET SECURITIES
CORPORATION,

      Defendants - Appellees.

_____

DAVID LADOUCEUR; LISA
LADOUCEUR,

      Plaintiffs - Appellants,

v.

WELLS FARGO BANK N.A.; WELLS
FARGO HOME MORTGAGE, INC.; U.S.
BANK NATIONAL ASSOCIATION, as
Trustee for Wells Fargo Asset Securities
Corporation, Mortgage Pass-Through
Certificates Series 2004-EE,

      Defendants - Appellees.

No. 16-1232
(D.C. No. 1:15-CV-02080-WYD-MJW)
(D. Colo.)

No. 16-1267
(D.C. No. 1:15-CV-02416-WYD-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

David and Lisa Ladouceur appeal the district court's dismissal of their two complaints alleging Wells Fargo Bank, N.A.[1] was not entitled to foreclose on their two residential properties, one in Westminster, Colorado (No. 16-1232), the other in Boulder, Colorado (No. 16-1267).[2] We affirm the district court's Fed. R. Civ. P. 12(b)(6) dismissal because our independent review confirms the Ladouceurs have failed to state a plausible cause of action. *See George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (holding we review a Rule 12(b)(6) dismissal de novo, assuming the truth of the well-pleaded factual allegations and asking whether the plaintiff stated a facially plausible claim for relief).

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The Ladouceurs listed other Wells Fargo entities as defendants, some improperly named. Unless otherwise specified, "Wells Fargo" refers to Wells Fargo Bank, N.A.

[2] The Ladouceurs assert the same legal claims with respect to both complaints; thus, we have consolidated the appeals.

BACKGROUND

The Ladouceurs borrowed $1,000,000 from Wells Fargo Home Mortgage, secured by a deed of trust on the Westminster property. They later borrowed another $450,000 from Wells Fargo Home Mortgage, secured by a deed of trust on the Boulder property. Wells Fargo, successor by merger to Wells Fargo Home Mortgage, assigned the deeds of trust to securitized trusts created to pool numerous residential mortgages.[3] Wells Fargo continued to service both mortgages.

The Ladouceurs defaulted on both loans, and Wells Fargo, through the trustees of the loans it services, initiated foreclosure proceedings on both properties in Colorado state court. The state court authorized the Westminster foreclosure, ruling Wells Fargo had standing to foreclose and the Ladouceurs didn't dispute that they were in default, but the Boulder state court foreclosure proceedings remain pending.

The Ladouceurs filed the present federal court complaints against Wells Fargo claiming it lacked standing to foreclose on the two properties because it didn't own the security interests in their properties, and that its collection and foreclosure actions violated the Fair Debt Collection Practice Act (FDCPA). Wells Fargo moved to dismiss the complaints for failure to state a claim. It attached all of the relevant and public loan documentation as permitted by Fed. R. Evid. 201(b). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (holding a court may consider documents external to the complaint in a Rule 12(b)(6) motion if they "are central to

---

[3] Securitization is the "process of pooling loans and selling them to investors on the open market." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011).

3

the plaintiff's claim and the parties do not dispute the documents' authenticity").

The district court dismissed the Ladouceurs' complaints, ruling Wells Fargo had standing to foreclose on both loans and wasn't a debt collector subject to the FDCPA because it was collecting the debt it originated and still serviced.[4]

DISCUSSION

On appeal, the Ladouceurs first assert that they "are of the belief that Wells Fargo is a debt collector" subject to the FDCPA. Aplt. Br. at 12. They argue that Wells Fargo admitted it was a debt collector by so identifying itself on forms; thus, the district court erred in ruling the FDCPA only applies to parties collecting the debt of another. We find no legal basis for the Ladouceurs' belief. The FDCPA defines a "debt collector" in relevant part as one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be *owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). "The legislative history of section 1692a(6) indicates conclusively that a debt collector [under the FDCPA] does not include the consumer's creditors [or] a mortgage servicing company. . . ." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). *See also Larkin v. Bank of Am., N.A. (In re Larkin)*, 553 B.R. 428, 440 & nn.54 & 55 (Bankr. D. Kan. 2016) (collecting cases wherein courts have held that "mortgage lenders and servicers are not 'debt collectors' under the FDCPA in connection with collecting their own consumer debts . . . even when the mortgage lender 'self-identifies' as a debt collector").

---

[4] The Ladouceurs don't challenge any of the other rulings by the district court.

4

The Ladouceurs rely exclusively on *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), which held that an FDCPA debt collector applies to a party that acquires the debt of another after it was already in default. But *Schlosser* isn't relevant here, as Wells Fargo didn't acquire the Ladouceurs' debts in default, but originated and serviced the loans. Moreover, *Schlosser* also held, consistent with the district court, that the FDCPA doesn't apply to creditors. *Id.* Thus, the district court correctly concluded that Wells Fargo was not a debt collector as to the Ladouceurs' loans, and we need not address their remaining FDCPA arguments.

Next, the Ladouceurs allege the contracts relating to the securitization of their loans were fraudulent and the deeds of trust were not properly assigned. Consequently, they contend Wells Fargo lacks standing to foreclose on their properties. But as the district court correctly held, the Ladouceurs are not parties to the securitization assignments and have not stated any plausible claim to relief arising out of the assignment of the loan documents. "[S]ecuritization of a note does not alter the borrower's obligation to repay the loan[; it] is a separate contract, distinct from the borrower's debt obligations under the note." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749 (6th Cir. 2014).

Because the Ladouceurs have failed to state a plausible cause of action, we affirm the dismissal of their complaints.

Entered for the Court


Nancy L. Moritz
Circuit Judge